GEORGE J. BOLZ et al., Appellants, against HERMAN RIDDER, Respondent.

(Decided March 14th, 1884.)

In an action against a trustee of a company incorporated under the manufacturing companies' act of 1848 (L. 1848 c. 40), for a debt of the company, upon the ground that a certificate signed by defendant and other trustees, as to payment of the capital stock of the company, required by section 11 of the act, was false and was signed by him knowing it to be false, when such certificate states that the whole capital stock was issued, as is permitted by the amendatory act of 1853 (L. 1853 c. 333 § 2), in payment for property necessary for the business of the company, the question whether such stock was more than the actual value of the property for which it was issued, is material; and evidence showing what value defendant put upon the property is admissible.

APPEAL from a judgment of this court entered upon the dismissal of a complaint.

The action was brought to recover from the defendant an indebtedness of the Self-Folding Tucker Company, upon an alleged individual liability for such debt as a trustee of that company.

The company was incorporated under the general manufacturing act of February 17th, 1848 (L. 1848 c. 40), and the acts amendatory thereof.

The defendant, as a trustee of said company, on January 17th, 1880, in connection with its president and other trustees, executed a certificate, pursuant to section 11 of said act, stating "that the capital stock of said company is $100,000; that the whole of said capital stock has been issued and paid up in full by the purchase of a patent sewing machine attachment, property necessary for the company's business, in payment for which the whole capital stock was issued; that the payment of said capital stock . . . . . was made December 26th, 1879."

The patent referred to was originally issued to Charles

F. Knoch, who transferred one half of his interest therein
to the defendant, when the Knoch & Ridder Co. was founded
and continued in business about six months. This company,
in consideration of one dollar, assigned the patent to E. B.
Amend, December 4th, 1879, who, on December 10th, 1879,
assigned it to the Self-Folding Tucker Company for the
expressed consideration of $100,000, which represented a
like amount of the stock of said company simultaneously
transferred to Amend.

The plaintiffs, as creditors of the company, sued the de-
fendant for its indebtedness to them, alleging that the state-
ment in the certificate as to the payment of the capital stock
was a material allegation; that it was false and untrue; and
that the defendant had full knowledge thereof. Upon this
fact issue was joined and a trial had, which resulted in a
dismissal of the action; and from the judgment for defend-
ant entered thereon plaintiffs appealed.

*A. Loring Cushing*, for appellants.

*Jacob A. Gross*, for respondent.

LARREMORE, J.—[After stating the facts as above.]—
The certificate of January 17th, 1880, is in the precise form
of section 2 chapter 333 of the Laws of 1853, which re-
quires that stock issued in payment for property necessary
for the business of the company shall not be stated as issued
for cash paid in, but shall be reported in this respect accord-
ing to the fact. This was done if the certificate be true;
and the only question left for consideration is whether or
not the difference between the value of the patent and the
stock issued for its purchase was so grossly inadequate as
to raise the presumption of guilty knowledge and fraudu-
lent intent on the part of the defendant. The learned
judge at the trial coincided with this view of the case,
but he excluded, under exception, an offer to show what
value the defendant put upon the patent.

It is shown by the testimony that the capital stock of the

Bolz v. Ridder.

Knoch & Ridder Co. was $1,000; that Knoch sold his half interest in the patent for $500; that he was to buy one half of the stock and become half owner in the Knoch & Ridder Co., and that the defendant, the other member of the company, paid $500 for his half of the stock.

This astonishing leap in the value of the patent—which constituted the entire property of the company — from $1,000 to $100,000 should have been explained. I think the language employed by the Court of Appeals in *Lake Superior Iron Co.* v. *Drexel* (90 N. Y. 94), is pertinent and decisive. "Whether the form the transaction took was a mere sham, intended as an evasion of the statute, was a question of fact for the determination of the jury. It may be said that the statute may thus easily be circumvented and evaded; but the policy of the law will be preserved and enforced if all the questions of fact in such cases be left to the jury."

The judge should have followed his first impressions and submitted this case to the jury.

The judgment should be reversed and a new trial ordered, with costs to abide event of suit.

CHARLES P. DALY, Ch. J., concurred.

J. F. DALY, J.—It is contended that the certificate was not false in the statement that the whole of the capital stock had been paid up in full by purchase of a patent sewing machine attachment, because the fact was that the whole capital stock had been issued for such patent. But the act (L. 1853 c. 333) permits property to be purchased and stock issued in payment to the amount of the value of said property, and requires the report or statement of the company to be "according to the fact." If the stock had been issued to a greater amount than the actual value of the property, a certificate which states that the whole capital stock has been paid up in full by the purchase of the property is not according to the fact, and is false, if the

property be not worth the amount of the stock.    The question of value of the property is therefore material.

The judgment should be reversed and a new trial ordered.

Judgment reversed and new trial ordered, with costs to abide event of action.